UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMINI TRUST COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW PETER CASTIGLIONE,<br><br>Defendant. | No. 1:19-cv-00572-DAD-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING ACTION TO FRESNO COUNTY SUPERIOR COURT<br><br>(Doc. No. 3) |

This matter is before the court on plaintiff Gemini Trust Company, LLC's ("Gemini Trust") motion to remand. (Doc. No. 3.) A hearing on the motion was held on June 18, 2019. Attorney Jennifer Poochigian appeared on behalf of plaintiff. No appearance was made on behalf of *pro se* defendant Matthew Peter Castiglione. Having considered the motion and the arguments of counsel, the court will grant plaintiff's motion to remand.

**BACKGROUND**

On March 15, 2019, plaintiff filed an amended petition to confirm a contractual arbitration award in the Fresno County Superior Court. (*See* Doc. No. 1 at 32–51.) In that petition, plaintiff alleged that defendant failed to repay plaintiff after defendant received an erroneous wire transfer in the amount of $200,000. (*Id.* at 33.) Plaintiff further alleges that the parties participated in arbitration on October 29, 2018 in New York City, which resulted in an arbitration award requiring defendant to repay the erroneously transferred $200,000, costs and expenses in the

1

amount of $6,786.80, and 9% interest on the $200,000 beginning February 5, 2018. (*Id.*) Plaintiff's state court petition seeks a court order confirming the arbitration award and entry of judgment in accordance therewith. (*Id.* at 34.)

On May 2, 2019, defendant removed the action to this federal court based on federal question jurisdiction and diversity jurisdiction. (Doc. No. 1.) On May 17, 2019, plaintiff filed the motion to remand now pending before the court. (Doc. Nos. 3–6.) Defendant did not file an opposition to the motion to remand.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question, or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Section 1447(c) of Title 28 of the United States Code provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**ANALYSIS**

Plaintiff's motion contends that this action should be remanded to state court for two reasons: (1) defendant's notice of removal is untimely; and (2) the court lacks subject matter jurisdiction over the matter because there is no federal question or diversity jurisdiction.

/////

**A.     Timeliness of Removal**

Plaintiff first argues that defendant's notice of removal was untimely filed. (Doc. No. 4 at 2.) Plaintiff relies on California Code of Civil Procedure § 1290.2, which provides that an arbitration petition is "heard in a summary way" and that "not less than 10 days' notice of the date set for the hearing on the petition shall be given." (*Id.*) According to plaintiff, defendant therefore had ten days from April 3, 2019—the date he was served with the amended petition initiating the state court action—to remove the matter to federal court. (*Id.*) Plaintiff argues that the removal was untimely because defendant did not remove this action until May 2, 2019, more than ten days after April 3, 2019. (*Id.*)

Contrary to plaintiff's contentions, § 1290.2 of the California Code of Civil Procedure does not address removal at all, and plaintiff otherwise cites no authority to support a purported ten-day deadline for removal of this action to federal court. Rather, 28 U.S.C. § 1446(b) sets the deadline by which a defendant may remove a suit filed in state court to federal court, providing a defendant thirty days from receipt of the initial pleading or from receipt of a paper, such as an amended pleading, from which it may first be ascertained that the case is one which is or has become removable. If, as plaintiff contends, defendant was served with the amended petition on April 3, 2019 (Doc. No. 4 at 2), defendant had thirty days from April 3, 2019 to timely file a notice of removal. Defendant's notice of removal was filed on May 2, 2019 and is therefore timely.

**B.     Subject Matter Jurisdiction**

    1.     Federal Question Jurisdiction

Plaintiff next argues that removal of this action was inappropriate because it does not involve a federal question. (Doc. No. 4 at 3–4.) In his notice of removal, defendant contends that the Consumer Financial Protection Bureau, the Federal Trade Commission, the Internal Revenue Service, the United States Treasury, and the Securities and Exchange Commission are federal agencies that "each have jurisdiction of certain elements involved in the removed case." (Doc. No. 1 at 1.) Defendant further contends that he was deceived by plaintiff into believing that Bitcoin had intrinsic value of its own, and after performing his own due diligence, believes that

plaintiff is circumventing the Constitution and federal law. (*Id.* at 4.) According to defendant, federal question jurisdiction exists because:

> the effects in interstate commerce while at this point minimal, nonetheless the effect is real [sic]. This involves in particular the taxing scheme raising the questions of avoidance and or evasion yet to be determined. The security of private information is also in question in every Bitcoin transaction. Thus the removal to the proper forum wherein the good standing Constitutional and legal powers of the United States must be exercised in order to properly protect the inherent government interests and those of the consumers of both commercial and government services.

(*Id.* at 4–5.)

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim, or that a defense or counterclaim would arise under federal law.").

Here, defendant has not shown that removal of this action based on federal question jurisdiction is appropriate. Plaintiff's action seeks to confirm an arbitration award under state law, not federal law. (*See* Doc. No. 5 at ¶ 7.) Although federal courts have the power to confirm and enter judgment on an arbitration award under 9 U.S.C. § 9, that statute itself does not confer federal subject matter jurisdiction. *See United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 918 (9th Cir. 2009) ("[T]he [Federal Arbitration Act] does not itself confer jurisdiction on federal

district courts over actions to compel arbitration or to confirm or vacate arbitration awards, nor does it create a federal cause of action giving rise to federal question jurisdiction under 28 U.S.C. § 1331.") (internal citations omitted); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981) ("[A]pplicants who, in federal district court, seek confirmation of an arbitration award under 9 U.S.C. § 9, must demonstrate independent grounds of federal subject matter jurisdiction. The provisions of 9 U.S.C. § 9 do not in themselves confer subject matter jurisdiction on a federal district court."). Defendant ostensibly relies on contemplated federal defenses in attempting to establish federal jurisdiction. Even assuming defendant can assert such defenses, the defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.

2. <u>Diversity Jurisdiction</u>

In his notice of removal, defendant also alleges that diversity jurisdiction exists because plaintiff is a New York limited liability trust company with its registered office in New York, and defendant is a resident of the State of California. (Doc. No. 1 at 2.) Defendant alleges that the amount in controversy is also satisfied because the amount awarded in arbitration was $200,000. (*Id.* at 3.) In its motion to remand, plaintiff argues that even if there is complete diversity between the parties, application of the forum defendant rule prohibits removal here. (Doc. No. 4 at 4.)

The forum defendant rule provides that a civil action otherwise removable on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."); *Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (holding that "the presence of a local defendant at the time removal is sought bars removal"). Because the forum defendant rule is procedural rather than jurisdictional, a plaintiff must file a motion to

5

remand on this basis within 30 days of removal.  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) (holding that the "forum defendant rule . . . is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)").

At the time this action was removed to federal court, Castiglione was a citizen of California and a forum defendant.  (*See* Doc. No. 1 at 2) ("Defendant Matthew Peter Castiglione is a permanent resident of the State of California.").  As a forum defendant, Castiglione could not remove on the basis of diversity jurisdiction.  Because plaintiff filed a timely motion to remand on this basis (*see* Doc. No. 3), and no federal question jurisdiction exists as discussed above, the court finds that remand is appropriate.

**C.     Attorneys' Fees and Costs**

Finally, plaintiff requests an award of attorneys' fees and costs in the amount of $5,136.00 incurred as a result of removal.  (Doc. No. 4 at 5.)  District courts are given discretion by statute to award such fees if the matter is remanded.  *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The court is not persuaded that an award of fees and costs is warranted here.  Defendant filed a notice of removal without the benefit of legal counsel and did not file opposition to the motion to remand.  *See Baldini Real Estate, Inc. v. Cruz*, No. 15-cv-2932 YGR, 2015 WL 4760510, at *3 (N.D. Cal. Aug. 12, 2015) (denying plaintiff's request for attorneys' fees upon remand of unlawful detainer action because "[t]he Court is not persuaded that the contours of federal subject matter jurisdiction were obvious to this *pro se* defendant"); *Wilmington Trust, N.A. v. Mobley*, No. CV15-2910 CAS (AJWx), 2015 WL 3649578, at *3 (C.D. Cal. June 10, 2015) ("The Court cannot conclude that it [wa]s objectively unreasonable for a *pro se* party,

lacking basic legal knowledge, to attempt to remove [the] action to federal court."). The court acknowledges that plaintiff's counsel corresponded with defendant following removal, informing him of the reasons that this court lacks jurisdiction and seeking a stipulation to remand this action; however, this correspondence occurred after defendant had already removed the case to this court. (*See* Doc. No. 5 at 9–11.) Despite plaintiff's counsel's efforts, the merits of a motion to remand were likely not obvious to the *pro se* defendant and the court cannot conclude it was objectively unreasonable for defendant to decline to stipulate and to instead seek a ruling from this court. Plaintiff's request for attorneys' fees will therefore be denied.

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion to remand (Doc. No. 3) is granted;
2. This action is remanded to Fresno County Superior Court for all further proceedings;
3. Plaintiff's request for attorneys' fees in connection with the motion is denied; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 25, 2019**

_____
UNITED STATES DISTRICT JUDGE